This is an appeal from a Lawrence County Common Pleas Court judgment of conviction and sentence. The trial court found Calvin Carter, defendant below and appellant herein, guilty of aggravated robbery, in violation of R.C. 2911.01(A)(1).
Pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493, appellant's appointed counsel has advised this Court that following a thorough and conscientious review of the record, he can discern no meritorious appealable issue upon which to predicate an assignment of error. Appellant's counsel has requested leave to withdraw and, in accordance with Anders, has accompanied his request with a brief referring to the portions of the record that arguably might support an appeal.[1] Appellant's counsel posits the following possible assignment of error:
 "THE TRIAL COURT, IN ITS SENTENCING OF DEFENDANT, FAILED TO PROPERLY CONSIDER ALL RELEVANT FACTORS, PURSUANT TO O.R.C. SECTIONS 2929.11 AND 2929.12."[2]
Our review of the record reveals the following facts pertinent to the instant appeal. On November 19, 1997, the Lawrence County Grand Jury returned an indictment charging appellant with one count of aggravated robbery, in violation of R.C. 2911.01(A)(1). Appellant initially entered a not guilty plea, but he subsequently changed his mind and entered a guilty plea to the count charged in the indictment. The trial court found appellant guilty of aggravated robbery and sentenced appellant to seven years imprisonment.
On June 18, 1998, this court, finding that the trial court had deprived appellant of his Sixth Amendment right to effective assistance of counsel, reversed appellant's conviction and sentence.
On remand, appellant, with new counsel, initially entered a not guilty by reason of insanity plea. Appellant underwent a clinical evaluation to ascertain whether he was mentally ill or mentally retarded at the time he committed the offense. The evaluation revealed that appellant had not been suffering from a mental illness at the time he committed the offense.
On October 1, 1998, appellant entered a guilty plea. On October 5, 1998, the trial court sentenced appellant to seven years imprisonment. Appellant filed a timely notice of appeal.
We begin our analysis of the instant appeal by acknowledging the responsibilities the United States Supreme Court imposed upon us in Anders, supra. Upon receiving an Anders brief, an appellate court must "conduct 'a full examination of all the proceedings(s) to decide whether the case is wholly frivolous.' " Penson, 488 U.S. at 80, 109 S.Ct. at 350, 102 L.Ed.2d 300
(quoting Anders, 386 U.S. at 744, 87 S.Ct. 1396,18 L.Ed.2d 493). After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without the assistance of counsel. Id.; see, also, State v. Kent (Mar. 4, 1998), Jackson App. No. 96 CA 794, unreported; State v. Hart (Dec. 23, 1997), Athens App. No. 97 CA 18, unreported. If we find, however, that meritorious issues for appeal exist, we must afford appellant the assistance of counsel in order that counsel may address the issues. Anders, supra, 386 U.S. at 744; see, also,Penson v. Ohio (1988), 488 U.S. at 80, 109 S.Ct. at 350,102 L.Ed.2d 300. With the foregoing principles in mind, we turn our attention to the record before us, as well as the possible assignment of error counsel posited in the appellate brief.
Appellate counsel's possible assignment of error asserts that the trial court erred by failing to properly consider the R.C.2929.11 and 2929.12 felony sentencing factors prior to imposing a seven-year prison sentence upon appellant. We have fully reviewed the proceedings below and find that the issue is wholly frivolous.
When reviewing a trial court's decision regarding sentencing, a reviewing court may not modify or vacate the sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court imposed a prison term without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. R.C. 2953.08(G); Griffin Katz 495, Section 9.16.
Although a trial court generally possesses discretion when determining an appropriate sentence, a trial court must not disregard the statutory principles, procedures, presumptions, and factors. See R.C. 2929.12(A); State v. Persons (Apr. 26, 1999), Washington App. No. 98 CA 19, unreported; State v.McConnaughey (Mar. 4, 1998), Athens App. No. 97 CA 39, unreported; State v. Thomas (May 18, 1998), Washington App. No. 97 CA 20, unreported; State v. Ditterline (Sep. 5, 1997), Washington App. No. 96 CA 47, unreported. As noted in Persons, an appellate court's review of a trial court's decision regarding sentencing is no longer conducted solely pursuant to the traditional "abuse of discretion" standard. See Griffin 
Katz 495, Section 9.16 ("[J]udicial discretion is now greatly circumscribed. The sentencing act provisions significantly limit and channel the exercise of discretion through statutory guidelines in the form of purposes, principles, factors, and presumptions."). Rather, by providing statutory standards for the exercise of discretion, the Ohio General Assembly has now clearly defined that which constitutes an "abuse of discretion." See Person, supra, n. 3 (citing Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, Section 9.16). A sentencing court abuses its discretion when the court fails to appropriately consider the "purposes, array of principles, factors, and presumptions," detailed throughout R.C. 2929.11
through R.C. 2929.20. Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, Section 9.16; see, also, Persons, supra. Thus, in determining whether the sentencing court properly exercised its discretion, a reviewing court should examine the record to ascertain whether the trial court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support its findings; and (4) properly applied the statutory guidelines. State v.Dunwoody (Aug. 5, 1998), Meigs App. No. 97 CA 11, unreported. Moreover, the trial court's sentence must seek to fulfill the following criteria:
 "[The sentence] (1) adequately protects the community from future crime, (2) adequately punishes the defendant and does not demean the seriousness of the defendant's conduct, (3) is proportionate to the wrongdoing and consistent with other sentences imposed upon offenders committing like crimes, (4) does not discriminate, and (5) does not unnecessarily overburden state and local resources."
Griffin Katz 496, Section 9.16.
We further note that our standard of review does not permit us to substitute our judgment for that of the trial court. Griffin Katz 496, Section 9.16. Neither may we completely defer to the trial court's decision. Id. Instead, we must examine the record to ascertain whether "substantial evidence" exists in the record "to support the trial court's conclusions and the sentence it imposed." Id.
We begin by noting that appellant pled guilty to aggravated robbery, a first degree felony. R.C. 2929.14(A)(1) specifies that a person convicted of a first degree felony may be sentenced to three, four, five, six, seven, eight, nine, or ten years imprisonment. Furthermore, R.C. 2929.13(D) provides that when determining whether to impose a prison sentence for a first degree felony, a sentencing court should presume that a prison term is necessary in order to comply with the purposes and principles of sentencing as stated in R.C. 2929.11(A).
Prior to imposing a sentence, the trial court must consider the overriding purposes of felony sentencing. R.C. 2929.11(A). The overriding purposes of felony sentencing are: (1) to protect the public from future crime by the offender and others; and (2) to punish the offender. R.C. 2929.11(A); Griffin Katz, 286, Section 1.11. In seeking to achieve the "overriding purposes" of felony sentencing, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
R.C. 2929.11(B) provides that the trial court's sentence shall be: (1) "reasonably calculated to achieve the two overriding purposes of felony sentencing"; (2) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim"; and (3) "consistent with sentences imposed for similar crimes committed by similar offenders." Moreover, the sentence should not be based upon the race, ethnicity, gender, or religion of the offender. R.C.2929.11(C).
R.C. 2929.12(A) affords a sentencing court discretion in determining "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." In exercising its discretion, the court must consider the factors relating to the seriousness of the offense as set forth in R.C. 2929.12(B) and (C) and the factors relating to the likelihood of recidivism as enumerated in R.C.2929.12(D) and (E). R.C. 2929.12(A). The trial court may also consider any other factors it finds relevant to achieving the overriding purposes and principles of sentencing. Id.
R.C. 2929.12(B) provides that the existence of the following factors should lead the trial court to conclude that the offender's conduct in committing the offense was "more serious than conduct normally constituting the offense": (1) the victim suffered physical or mental injury and the victim's mental condition or age exacerbated that injury; (2) the victim suffered serious physical, psychological, or economic harm as a result of the offense; (3) the offender held a public office or position of trust in the community, and the offense related to that office or position; (4) the offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice; (5) the offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others; (6) the offender's relationship with the victim facilitated the offense; (7) the offender committed the offense for hire or as a part of an organized criminal activity; and (8) in committing the offense, prejudice based on race, ethnic background, gender, sexual orientation, or religion, motivated the offender.
R.C. 2929.12(C) specifies the factors that may lead the sentencing court to conclude that the offender's conduct was "less serious than conduct normally constituting the offense": (1) the victim induced or facilitated the offense; (2) the offender acted under strong provocation; (3) the offender did not cause or expect to cause physical harm to any person or property; and (4) substantial grounds to mitigate the offender's conduct exist.
R.C. 2929.11(D) and (E) enumerate the following factors that a sentencing court must consider in determining the recidivism likelihood: (1) whether the offender, at the time of the offense, was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense; (2) whether the offender previously was adjudicated a delinquent child, whether the offender has a history of criminal convictions, or whether the offender had led a law-abiding life prior to committing the offense; (3) whether the offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child or whether the offender has not responded favorably to sanctions previously imposed for criminal convictions; (4) whether the offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse; (5) whether the offender shows genuine remorse for the offense; and (6) whether the offense was committed under circumstances not likely to recur.
Upon our review of the record, we believe that the trial court complied with the statutory procedures and appropriately considered the foregoing factors prior to imposing appellant's seven-year sentence. Substantial evidence exists in the record to support the trial court's decision to impose a seven-year term of imprisonment.
At the sentencing hearing, the trial court considered the following factors as tending to indicate that appellant's conduct in committing the offense was more serious than conduct normally constituting the offense: (1) the victim suffered serious economic and psychological harm; (2) the relationship with the victim facilitated the offense; and (3) a weapon was involved in the offense. The court did not find any factors tending to demonstrate that the offense appellant committed was less serious than conduct normally constituting the offense.
In considering the likelihood of recidivism, the court noted the following: (1) appellant has a history of criminal convictions; (2) appellant has not responded to sanctions previously imposed; (3) appellant appears to have an alcohol or drug abuse problem which seems to induce his criminal behavior; (4) appellant has not acknowledged his alcohol or drug abuse problems and has refused treatment; (5) appellant exhibited no genuine remorse. The court found that no factors existed to indicate that appellant's recidivism risk would be low.
After considering the above factors, the trial court concluded that a prison term would be consistent with the overriding purposes of felony sentencing as stated in R.C.2929.11(A). The court further concluded that appellant committed the worst form of the offense and that appellant poses the greatest likelihood of committing future crimes.
We find nothing in the record to clearly and convincingly demonstrate that: (1) an insufficient basis for appellant's sentence exists; (2) the trial court failed to follow the appropriate statutory procedures; or (3) the sentence is otherwise contrary to law. As the trial court noted, appellant committed an offense with a weapon, caused the victim substantial emotional and economic harm, established a history of criminal activity, and exhibited no signs of genuine remorse. Appellant also appears to have a drug or alcohol abuse problem which induces his criminal activity. We agree with the trial court's conclusion that the existence of the above factors tends to indicate that appellant's conduct was more serious than conduct normally constituting the offense and that appellant poses a high likelihood of committing future crimes. Moreover, we note that the trial court's prison sentence falls within the statutory range. See R.C. 2929.14(A)(1).
Thus, our independent examination of the record reveals no error in the trial court proceedings prejudicial to appellant's rights. Accordingly, we agree with appellant's counsel's assessment that no meritorious issues exist in the instant case upon which to base an appeal. Accordingly, based upon the foregoing reasons, we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. Appellant's counsel's request to withdraw from further representation and involvement in the instant case is hereby granted.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion
For the Court
 By: ___________________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] In Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300, the United States Supreme Court noted the following with respect to the requirements of an Anders brief:
 "* * * Appointed counsel is first required to conduct 'a conscientious examination' of the case. [Anders], [386 U.S. at] 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. If he or she is then of the opinion that the case is wholly frivolous, counsel may request leave to withdraw. The request 'must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.' Ibid."
Penson, 488 U.S. at 80, 109 S.Ct. at 350, 102 L.Ed.2d 300.
[2] On May 14, 1999, this court filed an entry directing the Lawrence County Clerk of Courts to serve a copy of appellant'sAnders brief upon appellant. We also granted appellant twenty days in which to file a supplemental pro se brief to set forth any additional potential assignments of error. Although service was successful, appellant did not file a supplemental prose brief.